BLAKE, District Judge,
concurring separately:
I concur entirely with all but Section III C of the majority opinion. As to III C, I concur with the need for remand but write separately because my perspective differs somewhat from the majority.
First, I agree that remand is necessary because it does not appear that the district court considered the Whalen affidavit. In its opinion the court refers only to the value of the potential unauthorized access noted in the complaint ($100,000 in a single year) and states there is “no allegation as to how long defendant actually used the devices or the dollar amount DIRECTV would have received in subscription fees but did not as a result of Defendant’s activity.” J.A. 67. In fact, the Whalen affidavit asserts that Rawlins was a subscriber from September 4, 2000, to at least October 5, 2005, and shows that he purchased devices between October 2000 and May 2001; it also provides what appears to be a reasonable estimate of the likely annual value ($2,748.96) of the pirated programming. J.A. 25-61. Indeed, in light of this obvious discrepancy it may be that the district judge inadvertently overlooked the affidavit. Remand is warranted for careful consideration of this evidence in light of the factors now explicitly adopted by the majority.
Second, however, as to the factors the district court did consider and rely on, the majority identifies as “irrelevant” the fact that Rawlins neither used the devices for *331 commercial purposes nor purchased them for resale, and the lack of evidence to show that Rawlins induced others to violate the Wiretap Act. As I believe this guidance from the Circuit had never before been made explicit, and would not have been clear from prior case law, I would not fault the district court for having considered those factors in its analysis.
In summary, I agree with the need for remand and appreciate the majority’s willingness to permit the district court to exercise its discretion with a full understanding of the factors that should be considered and therefore concur in the result of Section III C as well as joining in the remainder of the majority opinion.